B134

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) Criminal No. 23-231 |
| | ) (18 U.S.C. §§ 1349, 1956(h)) |
| TASHANE MURRAY | ) [UNDER SEAL] |
| CLEVON MCKENZIE | ) |
| DANEIL REID | ) |
| GYZZELL BYFIELD | ) |

**INDICTMENT**

The grand jury charges:

**COUNT ONE**

FILED
OCT 24 2023
CLERK U.S. DISTRICT COURT
WEST. DIST. OF PENNSYLVANIA

At all times material to this Indictment:

THE CONSPIRACY

1. From in and around January 2019, and continuing thereafter to in and around October 2023, in the Western District of Pennsylvania and elsewhere, the defendants, TASHANE MURRAY, CLEVON MCKENZIE, DANEIL REID, and GYZZELL BYFIELD, and other individuals known and unknown to the grand jury, knowingly and willfully did conspire, combine, confederate and agree with each other to commit Mail Fraud, in violation of 18 U.S.C. § 1341, and Wire Fraud, in violation of 18 U.S.C. § 1343.

OVERVIEW OF THE CONSPIRACY

2. The defendants, TASHANE MURRAY, CLEVON MCKENZIE, DANEIL REID, and GYZZELL BYFIELD, conspired with each other and others known and unknown to the grand jury, to target elderly and otherwise vulnerable victims in the United States (hereinafter "the victims") with a scheme to defraud that was designed to deceive the victims into providing their money and property to members of the conspiracy, based on the false pretense that they had won

a million or multi-million-dollar sweepstakes, but needed to pay taxes and other costs before receiving their winnings (hereinafter, the "lottery scam").

## MANNER AND MEANS OF THE CONSPIRACY

### The Lottery Scam

3. It was a manner and means of the conspiracy that members of the conspiracy, including the defendants, TASHANE MURRAY, CLEVON MCKENZIE, DANEIL REID, and GYZZELL BYFIELD, obtained the names and contact information for victims whom they intended to target with the lottery scam. In shopping for these leads, members of the conspiracy, including the defendant, TASHANE MURRAY, specifically requested information belonging to victims who were over 75 years of age and had previously expressed an interest in sweepstakes or gambling.

4. It was further a manner and means of the conspiracy that members of the conspiracy contacted these victims by telephone and falsely informed them that they had won a sweepstakes, usually a million dollars or more, and other benefits, including luxury vehicles. Members of the conspiracy, including the defendants, TASHANE MURRAY and CLEVON MCKENZIE, also sent emails to individuals targeted as victims, which attached letters and fliers purporting to describe the sweepstakes and the victims' winnings. Members of the conspiracy also promised victims that their winnings would be delivered to them in person.

5. It was further a manner and means of the conspiracy that, through sustained contact with the victims, and small gifts like the delivery of flowers, members of the conspiracy, including the defendant, TASHANE MURRAY, attempted to ingratiate themselves with the victims, earn their trust, and obtain detailed information about their personal lives and finances, that the conspirators would then use to exploit them.

6.  It was further a manner and means of the conspiracy that, through telephone calls, emails, and written materials, members of the conspiracy, including the defendant, TASHANE MURRAY, falsely informed the victims that it was necessary for them to pay certain taxes and fees before they could receive their sweepstakes winnings.

7.  It was further a manner and means of the conspiracy that, in attempting to convince the victims to pay the purported taxes and fees, members of the conspiracy impersonated officials from government agencies, including the Internal Revenue Service, Federal Bureau of Investigation, and Federal Trade Commission, as well as private individuals in positions of trust, including financial advisors and attorneys.

8.  It was further a manner and means of the conspiracy that members of the conspiracy, including the defendant, TASHANE MURRAY, sought to design a system for deceiving victims into believing that they were talking over the telephone to a representative of a financial institution when, in reality, they were talking to a member of the conspiracy.

9.  It was further a manner and means of the conspiracy that, in order to conceal their true identities, members of the conspiracy, including the defendants, TASHANE MURRAY and CLEVON MCKENZIE, used aliases, frequently changing telephone numbers, and email addresses unconnected to their real names when communicating with individuals targeted as victims.

10. It was further a manner and means of the conspiracy that members of the conspiracy, including the defendant, TASHANE MURRAY, directed the transfer of funds from the victims to members of the conspiracy, including those located abroad in Jamaica and other locations, and took steps to conceal the nature, location, source, ownership, and control of those funds.

11. It was further a manner and means of the conspiracy that members of the conspiracy, including the defendant, TASHANE MURRAY, instructed the victims to send funds, including by wire transfers, check, bulk cash, and postal money orders, to individuals and addresses designated by the members of the conspiracy. The victims believed that these funds would be used to pay necessary taxes and fees, and thereby allow them to receive their sweepstakes winnings. In reality, however, these funds were destined for members of the conspiracy, including the defendants, TASHANE MURRAY, DANEIL REID, and GYZZELL BYFIELD.

12. It was further a manner and means of the conspiracy that members of the conspiracy directed the victims to destroy information about the addresses to which they had sent checks, bulk cash, and postal money orders at the direction of the conspirators, and to delete their messages related to these transactions.

13. It was further a manner and means of the conspiracy that members of the conspiracy, including the defendants, TASHANE MURRAY, DANEIL REID, and GYZZELL BYFIELD, used a network of "money mules" to receive funds obtained from victims as part of the lottery scam and transfer them to members of the conspiracy, including the defendants, TASHANE MURRAY, DANEIL REID, and GYZZELL BYFIELD. Some of these money mules were themselves victims of the lottery scam who had also been deceived into accepting and transferring funds on behalf of members of the conspiracy.

14. It was further a manner and means of the conspiracy that members of the conspiracy, including the defendant, TASHANE MURRAY, instructed victims of the lottery scam and money mules to open new bank and credit card accounts to which members of the conspiracy would have access, or otherwise obtained access to victims' existing bank and credit card accounts. These bank accounts, in the names of the victims and money mules, facilitated the covert transfer

and withdrawal, including in Jamaica, of funds obtained through the lottery scam by members of the conspiracy.

15. It was further a manner and means of the conspiracy that members of the conspiracy used personally identifying information obtained from the victims, or information that was otherwise publicly available, to open new bank and credit card accounts in the victims' names, without their consent. These new accounts also facilitated the covert transfer and withdrawal of funds obtained through the lottery scam by members of the conspiracy.

16. It was further a manner and means of the conspiracy that members of the conspiracy, including the defendant, TASHANE MURRAY, instructed the victims to purchase gift cards, read the card numbers over the telephone to members of the conspiracy, and then destroy the gift cards.

17. It was further a manner and means of the conspiracy that members of the conspiracy, including the defendants, CLEVON MCKENZIE and GYZZELL BYFIELD, obtained and attempted to obtain goods and luxury items using victim funds, either by causing the victims to purchase them and provide them to members of the conspiracy, or by purchasing them using accounts belonging to the victims but under the control of members of the conspiracy.

18. It was further a manner and means of the conspiracy that members of the conspiracy induced the victims to liquidate investments; sell homes; drain savings accounts; open new bank accounts; take out loans against their homes, vehicles, or annuities; surrender their Social Security benefits; and take other drastic financial steps in order to pay the fees that the victims believed were necessary to obtain their lottery winnings.

## Use of Interstate Mails, Commercial Carriers, and Wires

19. It was further a manner and means of the conspiracy that members of the conspiracy, including the defendants, TASHANE MURRAY, CLEVON MCKENZIE, DANEIL REID, and GYZZELL BYFIELD, caused the transmission of signals in interstate and foreign commerce by means of wire communications when they communicated with one another and victims of the lottery scam via phone calls, text messages, communications applications, and emails, and when they electronically transferred funds derived from the lottery scam using bank websites and services like Zelle and Cash App.

20. It was further a manner and means of the conspiracy that members of the conspiracy, including the defendant, TASHANE MURRAY, instructed victims of the lottery scam to send funds, including checks, bulk cash, money orders, and gift cards, to money mules and other members of the conspiracy, including the defendants, DANEIL REID and GYZZELL BYFIELD, through the United States Postal Service and interstate commercial carriers.

In violation of Title 18, United States Code, Section 1349.

## COUNT TWO

The grand jury further charges:

21. Paragraphs 1 through 20 are incorporated as if fully set forth herein.

22. From in and around January 2019, continuing thereafter to in and around October 2023, in the Western District of Pennsylvania and elsewhere, the defendants, TASHANE MURRAY, CLEVON MCKENZIE, DANEIL REID, and GYZZELL BYFIELD, did knowingly, intentionally, and unlawfully conspire with each other and with persons both known and unknown to the grand jury, to commit offenses against the United States in violation of Title 18, United States Code, Section 1956(a)(2)(B)(i), to wit: to transport, transmit and transfer, and attempt to transport, transmit and transfer monetary instruments and funds involving the proceeds of specified unlawful activity from a place in the United States to or through a place outside the United States, knowing that the monetary instruments and funds involved in the transportation, transmission and transfer represented the proceeds of some form of unlawful activity, and knowing that such transportation, transmission and transfer was designed in whole or in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(2)(B)(i).

In violation of Title 18, United States Code, Section 1956(h).

## FORFEITURE ALLEGATIONS

23. Paragraphs 1 through 22 of this Indictment are hereby re-alleged and incorporated by reference as though fully set forth herein for the purpose of alleging criminal forfeiture.

24. The United States hereby gives notice to the defendants charged in Count One that, upon conviction of such offense, the government will seek forfeiture in accordance with Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), which require any person convicted of such offense to forfeit any property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of such offense, including but not limited to the following:

    a. A sum of money in an amount of approximately $2,859,717;

25. The United States hereby gives notice to the defendants charged in Count Two that, upon conviction of such offense, the government will seek forfeiture in accordance with Title 18, United States Code, Section 982(a)(1), of all property involved in each offense of conviction in violation of Title 18, United States Code, Section 1956, or conspiracy to commit such offense, and all property traceable to such property, including but not limited to the following:

    a. A sum of money in an amount of approximately $2,859,717.

26. If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of such defendants up to the value of the forfeitable property described in this forfeiture allegation.

A True Bill,

/s/ FOREPERSON

ERIC G. OLSHAN
United States Attorney
IL ID No. 6290382

JEFFREY R. BENGEL
Assistant United States Attorney
DC ID No. 1018621

9